ISAACS v. EAST RIDGELAWN CEMETERY et al.

(Supreme Court, Appellate Division, First Department. December 29, 1911.)

DEPOSITIONS (§ 7*)—TAKING WITHIN STATE FOR USE WITHOUT—SHOWING REQUIRED.

Under Code Civ. Proc. §§ 914, 915, 919, and General Rule of Practice 17, providing for the taking of depositions within the state for use in another state, issue must be joined in the action before a subpoena can be directed against a resident, and the evidence sought must be relevant to the issue as shown by pleadings attached to the moving papers.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 13–22; Dec. Dig. § 7.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Application of Lewis M. Isaacs, adversely to East Ridgelawn Cemetery and others, to vacate a subpœna duces tecum issued to him and others. From an order denying the application, applicant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Adam Frank, for appellant.

Terence J. McManus, for respondents.

SCOTT, J. This is an appeal from an order of the Special Term denying a motion to vacate service of a subpœna duces tecum to examine in this state a resident of this state, before a master in chancery of New Jersey, in an action pending in the state of New Jersey. The subpœna is issued under a notice given in pursuance of the New Jersey statute. The procedure in such a case is regulated by sections 914, 915, and 919, Code Civ. Proc. and rule 17 of the General Rules of Practice. The latter requires that the petition for the subpœna must show that the testimony sought to be taken is "material to the issues presented in such action or proceeding." In order to bring the case within the rule, therefore, there must be an action or proceeding pending in another state in which there are existent issues of fact to which the evidence sought to be elicited would be relevant. It appears that the action pending in New Jersey is in equity for the foreclosure of a mortgage and that a bill of complaint and answers have been filed. There are attached to the moving papers the answers which contain in the main what appear to be affirmative defenses. There is no bill of complaint attached, so that we cannot say from an inspection of the pleadings what issues of fact, if any, have been raised. It appears from an affidavit by a New Jersey attorney that, according to the chancery practice in that state, no issue is joined upon which evidence can be taken merely by the filing of the complaint and answer. To raise an issue of fact, a replication is necessary, and, if the cause be brought on for hearing upon the complaint and answer alone, no testimony can be introduced. This is not denied by another New Jersey lawyer, who makes an affidavit in support of the order for a subpœna; but he says that under the laws and practice in New Jersey it is only necessary that an action should be pending in order to permit of taking testimony de bene esse, and it is not necessary to wait until issue is joined. The question we have to deal with now relates to the law and practice of our own state, and not to those of New Jersey. Under our rules issue must be joined before a subpœna can be directed in a case like the present, and the evidence sought must be relevant to such issue. That condition was not shown to exist in the present case.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.